UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| UNITED STATES | : | CRIMINAL CASE |
| | : | NO. 3:08-CR-96 (JCH) |
| v. | : | |
| | : | |
| TERRELL HOWARD, | : | DECEMBER 21, 2011 |
| Defendant. | : | |

**RULING RE: DEFENDANT'S REQUEST FOR SENTENCE REDUCTION**

The defendant, Terrell Howard, has requested a reduction in his sentence, pursuant to 18 U.S.C. § 3582(c)(2) and Amendment 750 to the United States Sentencing Guidelines ("U.S.S.G."). See Doc. No. 114. For the following reasons, the request is denied.

On June 4, 2009, Howard pled guilty to charges of Possession With Intent to Distribute 50 Grams or More of Cocaine Base, in violation of 21 U.S.C. § 841(a)(1), (b)(1)(A), and Possession of a Firearm by a Convicted Felon, in violation of 18 U.S.C. § 922(g)(1). See Plea Agreement (Doc. No. 79). On August 25, 2009, this court imposed concurrent sentences of 162 months on the drug charge and 60 months on the firearm charge. Judgment (Doc. No. 96) at 1.

The guidelines applicable at the time of Howard's sentencing called for an imprisonment range of 168 to 210 months. The court, however, imposed a non-guidelines sentence of 162 months due to the "disparity between crack and powder in the guidelines." Id. Under current guidelines, Howard would be subject to an imprisonment range of 135 to 168 months.

As the Second Circuit recently observed, "a retroactive amendment merely authorizes a reduction in sentence; it does not require one." United States v. Rivera,

1

No. 10-cr-1199, 2011 WL 5022734, at *3 (2d Cir. Oct. 21, 2011).  The court notes, first, that Howard's original sentence is already within the amended range.  Additionally, on August 2, 2011, Howard was sanctioned by the Bureau of Prisons in connection with an assault on a fellow inmate.  See Rivera, 2011 WL 5022734, at *3 ("In determining whether to modify a sentence, a judge must consider not only the traditional sentencing factors set forth in 18 U.S.C. § 3553(a), but also the post-sentencing behavior of the defendant and any public safety concerns a reduction in sentence would raise.") (citing U.S.S.G. § 1.B1.10 cmt n.1(B)).

In light of Howard's recent violent behavior, his criminal history, and the seriousness of the offenses, the court, having also considered all relevant sentencing factors set forth in 18 U.S.C. § 3553(a), denies the request for a reduced sentence.  The court concludes that the sentence it initially imposed is the proper sentence.

**SO ORDERED.**

Dated at Bridgeport, Connecticut, this 21st day of December, 2011.

   /s/ Janet C. Hall
Janet C. Hall
United States District Court